FILED
**United States Court of Appeals**
**Tenth Circuit**

**May 21, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LEONARDO PIÑON,

        Petitioner-Appellant,

v.

ROBERT ULIBARRI, Warden,
Southern New Mexico Correctional
Facility,

        Respondent-Appellee.

No. 07-2130
(D.C. No. 06-cv-686-MV-LFG)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO** and **PORFILIO**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

Petitioner Leonardo Piñon, a New Mexico inmate, appeals the district court's denial of his habeas-corpus application under 28 U.S.C. § 2254. Because the district court correctly determined that Mr. Piñon failed to demonstrate

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

constitutionally ineffective assistance of counsel in connection with his drug-trafficking convictions, we affirm.

I.

In September 2001, an acquaintance of Mr. Piñon, along with two strangers, came to his home and asked if he would sell them drugs. Initially, Mr. Piñon refused, but eventually agreed to take the acquaintance (believed to be a confidential informant) and his companions (undercover police officers) to another residence where he obtained crack cocaine for them. This scene was repeated three more times in the following days with varying participants. Mr. Piñon states he facilitated the drug purchases only to end the operatives' "persistent requests," "badger[ing]," and "implied threats" to himself and his wife. Aplt. Br. at 4-6.

Two years later, Mr. Piñon was arrested for the four drug offenses. Mr. Piñon explained his proposed defense to his appointed attorney: he had been coerced into obtaining drugs for the undercover agents. The attorney, however, advised Mr. Piñon that his best chance of resolving the pending criminal charges was by cooperating with law enforcement. According to Mr. Piñon, he and his attorney met with a prosecutor who told him that the State would reduce the charges if he produced eight other individuals engaged in drug trafficking. Mr. Piñon agreed and worked with law enforcement officials, without the assistance or presence of his attorney. Despite his consistent efforts, Mr. Piñon

states, he was unable to produce the eight drug dealers. Mr. Piñon therefore received no concessions. Six months after his arrest, he was arraigned on four separate counts of distributing cocaine in violation of N.M. Stat. § 30-31-20.

On the trial date, Mr. Piñon's counsel submitted two untimely filings: (1) a motion to dismiss arguing that police misconduct induced Mr. Piñon to commit the crimes and (2) a motion in limine asking permission to testify about alleged entrapment without being impeached with his prior felony conviction for bribery of a public official. In spite of the untimeliness, the trial court considered both motions on the merits and denied them.

A jury, including five Hispanic-surnamed jurors, was empaneled without objection from defense counsel. Although Mr. Piñon's counsel cross-examined the prosecution witnesses, he did not present any witnesses for defense. At the conclusion of a one-day trial, the jury convicted Mr. Piñon. The court later sentenced him to a ten-year term of imprisonment as an habitual offender with one prior felony conviction.

The New Mexico state courts affirmed Mr. Piñon's conviction on direct appeal and later denied post-conviction relief. He filed a habeas-corpus application in federal district court under 28 U.S.C. § 2254, arguing that he had received constitutionally ineffective assistance of trial counsel. In a thorough, thirty-one page report, the assigned magistrate judge reviewed Mr. Piñon's claims. The magistrate judge found that each of Mr. Piñon's

ineffective-assistance claims had been reviewed, addressed, and rejected by the state courts and concluded that the state habeas dispositions were reasonable and consistent with federal law. Specifically, the magistrate judge determined that state courts correctly stated and applied the appropriate federal standards for a claim of ineffective assistance of counsel expressed in *Strickland v. Washington*, 466 U.S. 668 (1984). Mr. Piñon had not met the two-pronged showing that (1) counsel's performance was constitutionally defective and (2) the deficient performance prejudiced the defense in that the alleged errors were so serious as to deprive the defendant of a fair trial with a reliable result. *Id.* at 689. According to the magistrate judge, the attorney was available to Mr. Piñon throughout the case, including the period of cooperation with the prosecution; the defense of entrapment was adequately investigated and presented; Mr. Piñon was not prejudiced by the attorney's failure to pursue pretrial motions; the attorney's decision to refrain from objecting to the prosecution's use of peremptory challenges was reasonable; Mr. Piñon's claim that the attorney refused to allow him to testify was not supported by the record; and there was no cumulative error.

The magistrate judge, therefore, concluded that there was no ground for federal habeas relief and recommended that the habeas application be denied and the case dismissed with prejudice. After conducting a de novo review, the district court adopted the magistrate judge's findings and recommended disposition. Although it dismissed the case, the district court granted a certificate of

appealability (COA) "on the issues of alleged ineffective assistance of counsel and abandonment by trial counsel during a critical stage of the proceedings." Aplt. App. at 401; *see* also 28 U.S.C. § 2253(c)(1) (requiring a COA to appeal denial of habeas application).

## II.

On appeal, Mr. Piñon again raises numerous ineffective-assistance claims, all of which were decided on the merits by the state courts.

> [A] federal court may not grant habeas relief on a claim adjudicated on the merits in state court . . . unless the state court decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  Moreover, state court fact findings are presumed correct unless the petitioner rebuts them by clear and convincing evidence.

*Allen v. Reed*, 427 F.3d 767, 771 (10th Cir. 2005) (citations and quotations omitted).

According to the case law, "[d]ecisions contrary to or representing an unreasonable application of federal law are independent bases for habeas relief." *Id.* (quotations omitted).  A decision that is "contrary to clearly established federal law under § 2254(d)(1)" occurs "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts." *Id.*  "A state court decision is an unreasonable

-5-

application of federal law under § 2254(d)(2) if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* "[A]n unreasonable application of federal law is different from an incorrect or erroneous application of federal law." *Id.* (quotations omitted).

Mr. Piñon claims that counsel was ineffective based on: (1) abandonment during the period of cooperation with the prosecution; (2) failure to conduct an adequate pre-trial investigation of his entrapment defense; (3) failure to pursue a pre-trial motion to dismiss based on the two-year pre-indictment delay; (4) failure to challenge the prosecutor's use of peremptory challenges to limit the number of Hispanic jurors; and (5) failure to present an adequate defense. To the extent the district court's COA order is ambiguous, we resolve any ambiguities in favor of Mr. Piñon and determine that the COA encompasses all of his issues. *Cf. LaFevers v. Gibson*, 182 F.3d 705, 711 (10th Cir. 1999) ("Now that the district court has made appealable all the issues in this case by its blanket order, we must review the merits of each claim.").

We have carefully reviewed the record, the parties' arguments, and the applicable law. We conclude that the habeas petition was properly dismissed for the reasons stated in the magistrate judge's findings and recommended disposition

dated December 4, 2006, and the district court's order dated April 3, 2007.

The judgment of the district court is AFFIRMED.

Entered for the Court


John C. Porfilio
Circuit Judge